**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JANICE MUNDAY,<br><br>                Plaintiff,<br><br>    v.<br><br>BED BATH & BEYOND, INC.,<br><br>                Defendant. | Case No. 2:22-cv-04567-JS<br><br>Hon. Juan R. Sánchez |

**MEMORANDUM OF LAW IN SUPPORT OF BED BATH & BEYOND INC.'S**
**<u>MOTION TO DISMISS COMPLAINT</u>**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   FACTUAL BACKGROUND ............................................................................... 3

    A.    Plaintiff's Claim Arises from Alleged Visits to the BBB Website ...................... 3

    B.    BBB's Website Discloses the Challenged Activity. ........................................... 3

III.  STANDARDS OF REVIEW ............................................................................... 4

    A.    Rule 12(b)(1) ..................................................................................................... 4

    B.    Rule 12(b)(2) ..................................................................................................... 5

    C.    Rule 12(b)(6) ..................................................................................................... 5

IV.   ARGUMENT ...................................................................................................... 6

    A.    Plaintiff Lacks Standing ..................................................................................... 6

    B.    The Court Lacks Personal Jurisdiction. .............................................................. 8

    C.    Plaintiff Has Failed to State a Claim ................................................................ 10

        1.    Session Replay Software Is Not a "Device" Under WESCA. ................. 10

        2.    Plaintiff Has Not Alleged That BBB Intercepted the "Contents" of Her Communications Under WESCA. .................................................... 12

        3.    Plaintiff Has Not Alleged an "Interception" of Her Communications Under WESCA. ......................................................... 14

        4.    Plaintiff Consented to Any Alleged Interception of Her Information. ........................................................................................... 16

V.    CONCLUSION ................................................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abadi v. Target Corp.*,
No. 22-CV-2854, 2023 WL 137422 (E.D. Pa. Jan. 9, 2023), *appeal filed*, No.
23-1050 (3d Cir. Jan. 11, 2023) ..................................................................................5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................................................................................................5

*Ballentine v. United States*,
486 F.3d 806 (3d Cir. 2007).......................................................................................6

*Barclift v. Keystone Credit Services, LLC*,
No. 5:21-CV-04335, 2022 WL 1102122 (E.D. Pa. Apr. 13, 2022), *appeal
filed*, No. 22-1925 (3d Cir. May 13, 2022) ...............................................................8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................................................................................................5

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*,
582 U.S. 255 (2017)....................................................................................................9

*Buckley v. Early Warning Servs., LLC*,
No. CV 20-5265, 2021 WL 5413887 (E.D. Pa. Sept. 28, 2021) ...............................8

*Calder v. Jones*,
465 U.S. 783 (1984)................................................................................................9, 10

*Cardoso v. Whirlpool Corp.*,
No. 21-CV-60784, 2021 WL 2820822 (S.D. Fla. July 6, 2021)...............................11

*Chant Eng'g Co. Inc. v. Cumberland Sales Co.*,
No. 20-4559, 2021 WL 848062 (E.D. Pa. Mar. 5, 2021) .......................................10

*Commonwealth v. Byrd*,
235 A.3d 311 (Pa. 2020)...........................................................................................16

*Commonwealth v. Cruttenden*,
58 A.3d 95 (2012).....................................................................................................16

*Commonwealth v. Proetto*,
771 A.2d 823 (Pa. Super. 2001), *aff'd*, 837 A.2d 1163 (Pa. 2003)...............7, 14, 15

*Connor v. Whirlpool Corp.*,
No. 21-CV-14180, 2021 WL 3076477 (S.D. Fla. July 6, 2021)...............................11

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Danziger & De Llano, LLP v. Morgan Verkamp LLC*,
    948 F.3d 124 (3d Cir. 2020)..........................................................................................5

*Davis v. Wells Fargo*,
    824 F.3d 333 (3d Cir. 2016)..........................................................................................4

*Delsignore v. Zazzle, Inc.*,
    No. 2:22-cv-01444-RJC (filed Oct. 13, 2022 in W.D. Pa.) .......................................1

*Farst v. Autozone, Inc.*,
    No. 1:22-cv-01435-CCC (filed Sep. 14, 2022 in M.D. Pa.) ......................................1

*Farst v. Chewy, Inc.*,
    No. 1:22-cv-01434-CCC (filed Sep. 14, 2022 in M.D. Pa.) ......................................1

*Farst v. Michaels Stores, Inc.*,
    No. 1:22-cv-01433-CCC (filed Sep. 14, 2022 in M.D. Pa.) ......................................1

*Fischer v. Fed. Express Corp.*,
    42 F.4th 366 (3d Cir. 2022), *cert. denied*, --- S. Ct. ----, 2023 WL 2357330
    (2023) .........................................................................................................................8

*Fraser v. Nationwide Mut. Ins. Co.*,
    352 F.3d 107 (3d Cir. 2003)..................................................................................11, 14

*Goldstein v. Costco Wholesale Corp.*,
    559 F. Supp. 3d 1318 (S.D. Fla. 2021) ................................................................7, 13

*Graham v. Noom, Inc.*,
    533 F. Supp. 3d 823 (N.D. Cal. 2021) .......................................................................9

*Huber v. Expedia, Inc.*,
    No. 2:22-cv-03570-PD (filed Sep. 7, 2022 in E.D. Pa.) ...........................................1

*Huber v. Lowe's Companies, Inc.*,
    No. 2:22-cv-03571-MMB (filed September 7, 2022 in E.D. Pa.) ............................1

*Huber v. Zillow Group, Inc.*,
    No. 2:22-cv-03572-GJP (filed September 7, 2022 in E.D. Pa.).................................1

*Ideal Aerosmith, Inc. v. Acutronic USA, Inc.*,
    No. 07-1029, 2007 WL 4394447 (E.D. Pa. Dec. 13, 2007)................................11, 12

*I.C. v. Zynga, Inc.*,
    600 F. Supp. 3d 1034 (N.D. Cal. 2022) .....................................................................7

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*IMO Indus., Inc. v. Kiekert AG*,
  155 F.3d 254 (3d Cir. 1998)..............................................................................9, 10

*Jacome v. Spirit Airlines Inc.*,
  No. 2021-000947-CA-01, 2021 WL 3087860 (Fla. Cir. Ct. June 17, 2021)..............11, 13, 17

*Javier v. Assurance IQ, LLC*,
  No. 21-16351, 2022 WL 1744107 (9th Cir. May 31, 2022)...................................17

*Johnson v. Blue Nile, Inc.*,
  No. 20-CV-08183, 2021 WL 1312771 (N.D. Cal. Apr. 8, 2021)............................13

*Kamal v. J. Crew Grp., Inc.*,
  918 F.3d 102 (3d Cir. 2019)................................................................................6

*Kennedy v. Help at Home, LLC*,
  731 F. App'x 105 (3d Cir. 2018) .........................................................................17

*Kim v. McDonald's USA, LLC*,
  No. 21-CV-05287, 2022 WL 4482826 (N.D. Ill. Sept. 27, 2022)............................8

*Konop v. Hawaiian Airlines, Inc.*,
  302 F.3d 868 (9th Cir. 2002) ..............................................................................15

*Kyko Glob., Inc. v. Bhongir*,
  807 F. App'x 148 (3d Cir. 2020) ..........................................................................9

*Massie v. Gen. Motors LLC*,
  No. CV 21-787-RGA, 2022 WL 534468 (D. Del. Feb. 17, 2022) ...........................8

*Munday v. Avis Budget Group, Inc.*,
  No. 2:22-cv-04807-KBH (filed Dec. 12, 2022 in E.D. Pa.) .....................................1

*Nyanhongo v. Credit Collection Servs.*,
  No. CV 20-6380, 2021 WL 1546233 (E.D. Pa. Apr. 20, 2021) ..............................6

*Oxenberg v. Sec'y U.S. Dep't of Health & Hum. Servs.*,
  No. 21-1682, 2022 WL 336996 (3d Cir. Feb. 4, 2022) .........................................8

*Pace v. Baker-White*,
  432 F. Supp. 3d 495 (E.D. Pa. 2020), *aff'd*, 850 F. App'x 827 (3d Cir. 2021),
  *cert. denied*, 142 S. Ct. 433 (2021) .....................................................................4

*Petruska v. Gannon Univ.*,
  462 F.3d 294 (3d Cir. 2006).................................................................................5

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Phillips v. Cnty. of Allegheny*,
515 F.3d 224 (3d Cir. 2008)...................................................17

*Popa v. Harriet Carter Gifts, Inc.*,
426 F. Supp. 3d 108 (W.D. Pa. 2019).........................................7

*Popa v. Harriet Carter Gifts, Inc.*,
52 F.4th 121 (3d Cir. 2022) ...................................................16

*Potter v. Havlicek*,
No. 3:06-CV-211, 2008 WL 2556723 (S.D. Ohio June 23, 2008).........................11

*Quigley v. Yelp, Inc.*,
No. 17-cv-03771, 2018 WL 7204066 (N.D. Cal. 2018) ...................................14, 16

*Rodriguez v. Google LLC*,
No. 20-CV-04688-RS, 2022 WL 214552 (N.D. Cal. Jan. 25, 2022).......................14

*Sacco v. Mouseflow, Inc.*,
No. 2:20-cv-02330, 2022 WL 4663361 (E.D. Cal. Sept. 30, 2022) .........................9

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540 (2016)....................................................4, 6

*Stranahan Gear Co., Inc. v. NL Indus., Inc.*,
800 F.2d 53 (3d Cir. 1986).................................................5

*Swiggum v. EAN Servs., LLC*,
No. 21-CV-493, 2021 WL 3022735 (M.D. Fla. July 16, 2021) .............................11

*Toys "R" Us, Inc. v. Step Two, S.A.*,
318 F.3d 446 (3d Cir. 2003)................................................10

*TransUnion LLC v. Ramirez*,
141 S. Ct. 2190 (2021)..................................................4, 6, 7, 8

*Ultimate Outdoor Movies, LLC v. FunFlicks, LLC*,
No. CV SAG-18-2315, 2019 WL 2233535 (D. Md. May 23, 2019)......................12

*Vonbergen v. Bloomingdales.com, LLC*,
No. 2:22-cv-04724-KBH (filed Nov. 28, 2022 in E.D. Pa.) .....................................1

*Vonbergen v. BPS Direct, LLC*,
No. 2:22-cv-04709-KBH (filed Nov. 23, 2022 in E.D. Pa.) .....................................1

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Vonbergen v. Liberty Mutual Insurance Co.*,
    No. 2:22-cv-04880-GEKP (filed Dec. 8, 2022 in E.D. Pa.) ........................................................1

*In re Yahoo Mail Litig.*,
    7 F. Supp. 3d 1016 (N.D. Cal. 2014) .......................................................................................14

*Yale v. Clicktale, Inc.*,
    No. 20-CV-07575, 2021 WL 1428400 (N.D. Cal. Apr. 15, 2021) ...........................................13

*In re Zynga Priv. Litig.*,
    750 F.3d 1098 (9th Cir. 2014) .................................................................................................13

**Statutes**

18 Pa. C.S. § 5725(a) ....................................................................................................................3

18 Pa. Cons. Stat. § 5702 ...............................................................................................10, 11, 12

18 Pa. Cons. Stat. § 5703 .............................................................................................................14

18 Pa. Cons. Stat. § 5704(4) ........................................................................................................16

18 U.S.C. § 2510(4) .....................................................................................................................14

**Rules**

Fed. R. Civ. P. 12(b)(1)...............................................................................................................3, 4

Fed. R. Civ. P. 12(b)(2)...............................................................................................................3, 5

Fed. R. Civ. P. 12(b)(6)...............................................................................................................3, 5

**Other Authorities**

https://www.bedbathandbeyond.com/.............................................................................................4

## I.    INTRODUCTION

This lawsuit is one of many copycat actions challenging the use of "session replay" software that enables companies to improve the functionality of their websites for users.[1]  Plaintiff Janice Munday ("Plaintiff") claims that Bed Bath & Beyond Inc. ("BBB") violated the Pennsylvania Wiretap and Electronic Surveillance Control Act ("WESCA") through the alleged use of that software on its website, which purportedly allowed BBB, a third-party, or a software program itself to track Plaintiff's unspecified communications with BBB.  ECF 1 ("Compl.") ¶¶ 2, 5, 14, 30.  Plaintiff's varied and conclusory allegations in a form pleading are largely untethered to the governing legal requirements and dismissal is warranted for several reasons.

*First*, the Court lacks subject matter jurisdiction because Plaintiff does not plausibly allege that she suffered any cognizable harm as a result of BBB's actions.  Plaintiff concludes that she suffered an injury because BBB violated WESCA, *id.* ¶¶ 14, 63, 87, but the Supreme Court has made clear that merely alleging a statutory violation is insufficient to confer Article III standing.  Plaintiff does not identify any personal or sensitive information that was allegedly intercepted or any cognizable basis for an injury-in-fact.

---

[1] Plaintiff's counsel alone has filed at least twelve nearly identical complaints in federal courts across Pennsylvania.  *See Munday v. Avis Budget Grp., Inc.*, No. 2:22-cv-04807-KBH (E.D. Pa. Dec. 12, 2022); *Vonbergen v. Liberty Mut. Ins. Co.*, No. 2:22-cv-04880-GEKP (E.D. Pa. Dec. 8, 2022); *Vonbergen v. Bloomingdales.com, LLC*, No. 2:22-cv-04724-KBH (E.D. Pa. Nov. 28, 2022); *Vonbergen v. BPS Direct, LLC*, No. 2:22-cv-04709-KBH (E.D. Pa. Nov. 23, 2022); *Delsignore v. Zazzle, Inc.*, No. 2:22-cv-01444-RJC (W.D. Pa. Oct. 13, 2022); *Farst v. Autozone, Inc.*, No. 1:22-cv-01435-CCC (M.D. Pa. Sept. 14, 2022); *Farst v. Chewy, Inc.*, No. 1:22-cv-01434-CCC (M.D. Pa. Sep. 14, 2022); *Farst v. Michaels Stores, Inc.*, No. 1:22-cv-01433-CCC (M.D. Pa. Sept. 14, 2022); *Huber v. Expedia, Inc.*, No. 2:22-cv-03570-PD (E.D. Pa. Sept. 7, 2022); *Huber v. Lowe's Cos., Inc.*, No. 2:22-cv-03571-MMB (E.D. Pa. Sept. 7, 2022); *Huber v. Zillow Grp., Inc.*, No. 2:22-cv-03572-GJP (E.D. Pa. Sept. 7, 2022).

**Second**, Plaintiff has not shown that the Court has personal jurisdiction over BBB. As Plaintiff concedes, Pennsylvania is neither BBB's state of incorporation nor its state of principal residence. *Id.* ¶ 17. The mere operation of a commercially interactive website does not subject the operator to jurisdiction anywhere in the country, and Plaintiff has failed to plead any facts to show that BBB directed its allegedly "tortious conduct" to Pennsylvania. *Id.* ¶ 19.

**Third**, when the Complaint is stripped of conclusory allegations, Plaintiff has failed to state a WESCA claim against BBB. Plaintiff must plausibly allege that BBB is liable for the use of a "device" to "intercept" the "contents" of Plaintiff's "electronic communications," as those terms are defined in WESCA. As a legal matter, courts nationwide have rejected similar claims because the use of session replay and other software does not satisfy the elements of a wiretapping claim. As a factual matter, Plaintiff pleads next to nothing about what actually occurred on BBB's website. Aside from bald conclusions made on "information and belief," the Complaint does not specify what Plaintiff actually did on BBB's website; when she specifically did it; how a session replay provider or program allegedly intercepted Plaintiff's communications with BBB; what information the session replay provider purportedly received from Plaintiff; or even, what Plaintiff observed on BBB's website to make it plausible that session replay existed and operated during her visits. Without basic factual support, the Complaint should be dismissed.

**Fourth**, by sending alleged communications to BBB over the internet, Plaintiff consented to the challenged activity under Pennsylvania law. Moreover, as Plaintiff concedes, during her six unidentified visits to BBB's website over the course of a year, BBB's privacy policy was linked on every page of that website, and it disclosed to Plaintiff and website users that their interactions with the BBB website may be collected and shared with third parties for various purposes. Plaintiff

knew or should have known that her activity on the BBB website could be reviewed, used, or disclosed.

Accordingly, and as set forth in detail below, the Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).

## II.  FACTUAL BACKGROUND

### A.  Plaintiff's Claim Arises from Alleged Visits to the BBB Website.

Plaintiff alleges that "over the past year," she visited BBB's website "approximately 6 times," most recently in August 2022.  Compl. ¶ 23.  She further alleges that during her visits to BBB's website, BBB "intercept[ed]" Plaintiff's "electronic communications," including "mouse clicks and movements, keystrokes, search terms, information inputted by Plaintiff, pages and content viewed by Plaintiff, scroll movements, and copy and paste actions." *Id.* ¶¶ 26, 30. Plaintiff claims that she did not consent to such "interception."  *Id.* ¶ 50.

Based on these limited allegations and several extraneous allegations that do not track any elements of her claim, Plaintiff has brought this putative class action on behalf of herself and a proposed class of "[a]ll persons residing within the State of Pennsylvania (1) who visited [BBB's] website and (2) whose electronic communications were intercepted by [BBB] or on [BBB's] behalf (3) without their prior consent," asserting one count of violation of WESCA. *Id.* ¶¶ 64, 74-87; *see also* 18 Pa. C.S. § 5725(a) (providing civil cause of action to "[a]ny person whose wire, electronic or oral communication is intercepted, disclosed or used in violation of [WESCA]" against "any person who intercepts discloses or uses or procures any other person to intercept, disclosure or use, such communication").

### B.  BBB's Website Discloses the Challenged Activity.

At all relevant times, BBB's Privacy Policy disclosed that BBB collects "[n]etwork activity data – internet or other electronic network activity information, such as browsing history, search

history, and information regarding an individual's interaction with an internet website, application, or advertisement" and shares it with "[s]ervice Providers, Product and service fulfillment companies, Internet service providers, Advertising Networks, Social Networks, Data analytics providers."  Ex. A to Decl. of Aseem Sharma ("Sharma Decl."), attached hereto as Exhibit 1, at 12.  At all relevant times, and consistent with Plaintiff's allegations, a link to BBB's privacy policy has appeared at the bottom of every web page on BBB's website.  *See* Compl. ¶ 60; *see generally* https://www.bedbathandbeyond.com/ (last visited Mar. 15, 2023).[2]

## III.    STANDARDS OF REVIEW

### A.    Rule 12(b)(1)

To establish standing, Plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation omitted). To establish injury in fact, Plaintiff must show that she "suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 339 (quotations and citation omitted).  "Article III standing requires a concrete injury even in the context of a statutory violation."  *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021) (quoting *Spokeo*, 578 U.S. at 341).  A challenge to standing may be facial or factual.  *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).  A facial challenge, like the one BBB raises here, "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it

---

[2] The Court may properly consider a website page as evidence at the motion to dismiss stage.  *Pace v. Baker-White*, 432 F. Supp. 3d 495, 500 n.4 (E.D. Pa. 2020), *aff'd*, 850 F. App'x 827 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 433 (2021) ("The parties agree that . . . the website is relied upon in the Complaint.  Accordingly, the relevant pages of the website will be considered in deciding this motion to dismiss.").

requires the court to 'consider the allegations of the complaint as true.'" *Id.* (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)).

### B.    Rule 12(b)(2)

Plaintiff bears the burden of showing that personal jurisdiction exists. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129-30 (3d Cir. 2020).  To meet this burden, she must "establish[] with reasonable particularity" three elements: (1) that BBB "purposefully directed [its] activities" at Pennsylvania, (2) that her claims "arise out of or relate to" BBB's activities, and (3) that exercising personal jurisdiction will not "offend traditional notions of fair play and substantial justice."  *Id.* (citations omitted).  Reliance on "bare pleadings alone" is inadequate to establish personal jurisdiction.  *Stranahan Gear Co., Inc. v. NL Indus., Inc.*, 800 F.2d 53, 58-59 (3d Cir. 1986) (citation omitted).

### C.    Rule 12(b)(6)

"To survive a motion to dismiss for failure to state a claim, the Complaint must contain sufficient facts 'to state a claim to relief that is plausible on its face.'"  *Abadi v. Target Corp.*, No. 22-CV-2854, 2023 WL 137422, at *3 (E.D. Pa. Jan. 9, 2023), *appeal filed*, No. 23-1050 (3d Cir. Jan. 11, 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A complaint is plausible on its face when the plaintiff pleads [a] factual contention that 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  While "[c]ourts are required to accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff," mere "labels and conclusions [or] a formulaic recitation of the elements of a cause of action will not do."  *Id.* (quotation marks and citations omitted).

## IV.    ARGUMENT

### A.    Plaintiff Lacks Standing.

Plaintiff bears the burden of establishing Article III injury-in-fact.  *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).  Merely alleging that a defendant violated a statute is not sufficient to confer Article III standing.  *TransUnion*, 141 S. Ct. at 2204 (quoting *Spokeo,* 578 U.S. at 340).  The Supreme Court has "rejected the proposition that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."  *Id.* at 2205 (quotation marks and citation omitted); *see also Kamal v. J. Crew Grp., Inc.*, 918 F.3d 102, 113-17 (3d Cir. 2019) ("bare procedural violation" of statute "[does] not create Article III standing").

While "traditional tangible harms, such as physical harms and monetary harms" are "obvious[ly]" concrete, "[v]arious intangible harms can also be concrete." *TransUnion*, 141 S. Ct. at 2204.  "Chief among them are injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts.  Those include, for example, reputational harms, disclosure of private information, and intrusion upon seclusion." *Id.*; *see Nyanhongo v. Credit Collection Servs.*, No. CV 20-6380, 2021 WL 1546233, at *3-4 (E.D. Pa. Apr. 20, 2021) (dismissing complaint for lack of a concrete injury where plaintiff received debt-collection letter with QR code on it but "[did] not clearly allege facts explaining how the information on the envelope conveyed private information, . . . implicate[d] core privacy concerns, . . . or otherwise caused a concrete injury") (quotation marks and citations omitted).

Plaintiff fails to meet her burden to establish Article III standing.  Plaintiff alleges that BBB "intercepted the electronic communications of Plaintiff and the Class members through their visits to its website, causing them injuries, including violations of their substantive legal privacy rights under the WESCA, invasion of their privacy, and potential exposure of their private information."

Compl. ¶ 14.  But simply alleging that BBB violated WESCA is insufficient to establish Article III injury-in-fact, *TransUnion*, 141 S. Ct. at 2205, and Plaintiff has not pleaded an invasion of privacy claim or disclosure of protected private information.

Plaintiff does not allege that she communicated any personal information or sensitive data to BBB that could give rise to the sort of concrete intangible harms that confer standing, and it is wholly unreasonable to expect privacy in "mouse clicks and movements, keystrokes, search terms, information inputted by Plaintiff, pages and content viewed by Plaintiff, scroll movements, and copy and paste actions" on a public website.  *See* Compl. ¶ 26.  Courts routinely find that there is no reasonable expectation of privacy in such activities on public websites.  *Popa v. Harriet Carter Gifts, Inc.*, 426 F. Supp. 3d 108, 122 (W.D. Pa. 2019) (act of collecting "keystrokes, mouse clicks, and PII is simply not the type of highly offensive act to which liability can attach"); *Commonwealth v. Proetto*, 771 A.2d 823, 829 (Pa. Super. 2001), *aff'd*, 837 A.2d 1163 (Pa. 2003) (no reasonable expectation of privacy in emails or internet chat conversations); *Goldstein v. Costco Wholesale Corp.*, 559 F. Supp. 3d 1318, 1321 (S.D. Fla. 2021) (alleged tracking of movements on website "is the cyber analog to record information Defendant could have obtained through a security camera at a brick-and-mortar store").

Plaintiff also claims that the use of session replay software "may expose website visitors to identity theft, online scams, and other unwanted behavior."  Compl. ¶ 11.  But Plaintiff does not allege that she experienced any of those harms, much less that BBB's alleged use of the software exposed her to those things.  In fact, the Complaint lacks any allegation that the information BBB allegedly captured is tied to personal information that might give rise to a concrete injury, and it does not even specify what identifying information, if any, Plaintiff inputted into the BBB website. *See I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1049-50 (N.D. Cal. 2022) (no standing for privacy

injuries where no personal information was revealed in a data breach and where "anonymity [was] preserved"); *Kim v. McDonald's USA, LLC*, No. 21-CV-05287, 2022 WL 4482826, at *7 (N.D. Ill. Sept. 27, 2022) (no standing for privacy violations where data breach only implicated public information such as "email addresses, phone numbers, and delivery addresses").

Because Plaintiff's vague allegations simply do not constitute the type of harm that courts consider concrete and particularized for the purposes of standing, the Court should dismiss her claim for lack of subject matter jurisdiction. *See, e.g.*, *Oxenberg v. Sec'y U.S. Dep't of Health & Hum. Servs.*, No. 21-1682, 2022 WL 336996, at *4 (3d Cir. Feb. 4, 2022) (affirming dismissal based on *TransUnion* where plaintiffs merely alleged a statutory violation without a concrete harm); *Barclift v. Keystone Credit Servs., LLC*, 5:21-CV-04335, 2022 WL 1102122, at *5 (E.D. Pa. Apr. 13, 2022), *appeal filed*, No. 22-1925 (3d Cir. May 13, 2022) (citing *TransUnion* and finding allegations that unauthorized persons could have viewed plaintiff's personal information insufficient to establish standing because plaintiff did not allege that any person actually viewed her personal information); *Massie v. Gen. Motors LLC*, No. CV 21-787-RGA, 2022 WL 534468, at *5 (D. Del. Feb. 17, 2022) (citing *TransUnion* and dismissing California and federal wiretap claims based on session replay software use due to lack of alleged injury); *Buckley v. Early Warning Servs., LLC.*, No. CV 20-5265, 2021 WL 5413887, at *1 n.1 (E.D. Pa. Sept. 28, 2021) (relying on *TransUnion* and dismissing complaint where plaintiff merely alleged that defendant failed to redact his social security number, a statutory violation, without a concrete harm).

**B.    The Court Lacks Personal Jurisdiction.**

Plaintiff has failed to plead that the Court has either general or specific jurisdiction over BBB.  "For a corporation, general jurisdiction is only proper in states where the corporation is fairly regarded as 'at home,' which generally is restricted to the corporation's state of incorporation or the state of its principal place of business." *Fischer v. Fed. Express Corp.*, 42 F.4th 366, 383

(3d Cir. 2022), *cert. denied*, --- S. Ct. ----, 2023 WL 2357330 (2023) (citations omitted).  Plaintiff alleges that "Defendant is, and at all times relevant hereto was, a corporation duly organized and validly existing under the laws of New York and maintains its principal place of business in New Jersey."  Compl. ¶ 17.  As such, Plaintiff has not shown that the Court has general personal jurisdiction over BBB.

Because the Court lacks general jurisdiction, it may only assert personal jurisdiction over BBB with respect to claims for which it has specific jurisdiction.  *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 582 U.S. 255, 268-69 (2017).  For intentional conduct like that alleged by Plaintiff, Courts apply a three-prong "effects" test to determine whether a defendant purposefully directed his activities at the forum.  *Calder v. Jones*, 465 U.S. 783 (1984); *see also* Compl. ¶¶ 19, 36, 41, 42, 75, 86 (alleging "tortious conduct" and intentional interception of Plaintiff's communications).  Under the *Calder* "effects test," Plaintiff must show that: (1) BBB "committed an intentional tort"; (2) Plaintiff "felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort"; and (3) BBB "expressly aimed [its] tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity."  *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265–66 (3d Cir. 1998); *see also, e.g.*, *Kyko Glob., Inc. v. Bhongir*, 807 F. App'x 148, 151-52 (3d Cir. 2020) (applying *Calder* test to intentional tort claims and affirming dismissal); *Sacco v. Mouseflow, Inc.*, No. 2:20-cv-02330, 2022 WL 4663361, at *4 (E.D. Cal. Sept. 30, 2022) (applying *Calder* test to wiretapping claim under California law and granting motion to dismiss); *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 837-38 (N.D. Cal. 2021) (same).

Plaintiff fails to establish personal jurisdiction because she does not allege that BBB expressly aimed its allegedly tortious conduct—*i.e.*, its use of session replay software—at

Pennsylvania such that it can be said that Pennsylvania is the focal point of the tortious activity. Instead, Plaintiff alleges that personal jurisdiction exists because BBB made its website available to consumers in Pennsylvania. Compl. ¶ 19. However, "the mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003). Nor is Plaintiff's allegation that "Defendant's acts complained of herein occurred within this District, subjecting Defendant to [personal] jurisdiction here" sufficient to establish specific personal jurisdiction, because "[t]he *Calder* effects test is not satisfied by the 'mere allegation that the plaintiff feels the effect of the defendant's tortious conduct in the forum because the plaintiff is located there.'" *Chant Eng'g Co. Inc. v. Cumberland Sales Co.*, No. 20-4559, 2021 WL 848062 at *5 (E.D. Pa. Mar. 5, 2021) (quoting *IMO Indus.*, 155 F.3d at 266). Because Plaintiff fails to allege that BBB purposely directed its alleged use of session replay software at Pennsylvania, the Court lacks specific personal jurisdiction over BBB.

### C.    Plaintiff Has Failed to State a Claim.

#### 1.    Session Replay Software Is Not a "Device" Under WESCA.

Plaintiff's claim fails because session replay software is not a "device" within the meaning of WESCA. WESCA defines an interception of a communication as the "[a]ural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical or other device." 18 Pa. Cons. Stat. § 5702. The statute defines "[e]lectronic, mechanical or any other device" as "any device or apparatus, including, but not limited to, an induction coil or a telecommunication identification interception device, that can be used to intercept a wire, electronic or oral communication." *Id.*

Although the issue has not yet been decided in the Third Circuit, courts outside the Circuit have repeatedly held that session replay software is not a device under the Federal Wiretap Act

and state analogs.  For example, the court in *Jacome v. Spirit Airlines Inc.* concluded that "Congress did not intend for the Federal Wiretap Act to extend to the use of commonplace analytics software to improve a website browsers' experience," noting that "the term 'electronic communications' in the Federal Wiretap Act is defined to exclude 'any communication from a tracking device'" and "session replay software [allegedly] *tracks* a website browser's movements." No. 2021-000947-CA-01, 2021 WL 3087860, at *3 (Fla. Cir. Ct. June 17, 2021).  The court in *Jacome* further held that the Florida wiretap act, "being modeled after the Federal Wiretap Act, likewise does not extend to the use of [session replay software]."  *Id.*; *see also Cardoso v. Whirlpool Corp.*, No. 21-CV-60784, 2021 WL 2820822, at *2 (S.D. Fla. July 6, 2021) (explicitly adopting *Jacome*'s findings that Florida's wiretap act does not apply to claims regarding session replay software on commercial website and finding plaintiff failed to allege that session replay software is a device, among other elements of the statute); *Connor v. Whirlpool Corp.*, No. 21-CV-14180, 2021 WL 3076477, at *2 (S.D. Fla. July 6, 2021) (same); *Swiggum v. EAN Servs., LLC*, No. 21-CV-493, 2021 WL 3022735, at *2 (M.D. Fla. July 16, 2021) (same); *Potter v. Havlicek*, No. 3:06-CV-211, 2008 WL 2556723, at *8 (S.D. Ohio June 23, 2008) (dismissing federal wiretap claim because the word "device," defined by Merriam Webster Dictionary as "a piece of equipment or a mechanism designed to serve a special purpose or perform a special function," "does not encompass software").

WESCA "mirrors the [Federal Wiretap Act] and is interpreted accordingly"; in fact, WESCA contains the exact same "tracking device" exception referenced in *Jacome. Ideal Aerosmith, Inc. v. Acutronic USA, Inc.*, No. 07-1029, 2007 WL 4394447, at *6 (E.D. Pa. Dec. 13, 2007); *see also Fraser v. Nationwide Mut. Ins. Co.*, 352 F.3d 107, 113 n.6 (3d Cir. 2003) (WESCA and Federal Wiretap Act are typically "interpreted in the same way"); 18 Pa. Cons. Stat. § 5702

11

(excluding from "electronic communications" "[a]ny communication from a tracking device"). Here, Plaintiff expressly alleges that session replay software "tracks" website users, and that this case pertains to "consumer tracking." Compl. ¶¶ 1, 12, 28. Given that WESCA excludes "a tracking device" from the covered scope of the statute, Plaintiff fails to state a WESCA claim.

Even if session replay software could be considered a "device" under WESCA, Plaintiff's claim would still fail because she does not even allege that session replay software is a "device." At most, Plaintiff alleges that session replay is "computer software" and that her communications were transmitted to BBB's "computer servers," *id.* ¶¶ 5, 26, but courts within and outside this Circuit have held that software and servers are not "devices" for purposes of wiretapping claims. *See, e.g.*, *Ideal Aerosmith*, 2007 WL 4394447, at *4 ("The drive or server on which an e-mail is received does not constitute a device for purposes of the [federal] Wiretap Act" and defendant "employed no device to acquire [the] emails" even when emails were mistakenly redirected to a competitor's email server and contained highly sensitive trade secrets); *Ultimate Outdoor Movies, LLC v. FunFlicks, LLC*, No. CV SAG-18-2315, 2019 WL 2233535, at *21 (D. Md. May 23, 2019) (where emails were rerouted to unintended recipients, finding that a "server is not a 'device' used for interception as defined by the [Federal] Wiretap Act.").

### 2. Plaintiff Has Not Alleged That BBB Intercepted the "Contents" of Her Communications Under WESCA.

Plaintiff's allegations regarding BBB's purported acquisition of her "communications" are both insufficiently pled and legally deficient. WESCA defines "contents" of a communication as including "any information concerning the substance, purport, or meaning of that communication." 18 Pa. Cons. Stat. § 5702. In the absence of binding authority squarely deciding this issue under WESCA, decisions involving the Federal Wiretap Act, which has the same definition of "contents," are instructive. "Contents" of communications under the Federal Wiretap Act do not

include "record information regarding the characteristics of the message that is generated in the course of the communication."  *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014) (affirming dismissal of Federal Wiretap Act claim); *Jacome*, 2021 WL 3087860, at *4 ("[M]ouse clicks and movements, keystrokes, search terms, information inputted by Plaintiff, and pages and content viewed by Plaintiff" are "precisely the type of non-record information that courts consistently find do not constitute 'contents' under the Federal Wiretap Act or any of its state analogs because it does not convey the substance or meaning of any message.").

Like many copycat complaints before it, the Complaint alleges that the information purportedly "intercepted" by BBB included Plaintiff's "mouse clicks and movements, keystrokes, search terms, information inputted by Plaintiff, pages and content viewed by Plaintiff, scroll movements, and copy and paste actions."  Compl. ¶ 26.  Plaintiff further alleges that "the data collected by Defendant identified specific information inputted and content viewed, and thus revealed personalized and sensitive information about Plaintiff's internet activity and habits."  *Id.* ¶ 40.  But beyond these general and categorical allegations, Plaintiff does not allege with any specificity the substance of her communications on the BBB website.  She does not allege what, if any, information she inputted, or what, if any, content she purportedly viewed.

Even if Plaintiff had alleged facts specifying her activity on BBB's website, as noted above, such information is not considered "contents" under wiretapping laws because it does not concern the substance or meaning of any communications.  *See, e.g.*, *Johnson v. Blue Nile, Inc.*, No. 20-CV-08183, 2021 WL 1312771, at *2 (N.D. Cal. Apr. 8, 2021) (IP addresses, locations, browser types, and operating systems are not "contents"); *Yale v. Clicktale, Inc.*, No. 20-CV-07575, 2021 WL 1428400, at *3 (N.D. Cal. Apr. 15, 2021) (same); *Goldstein*, 559 F. Supp. 3d at 1321-22 (mouse clicks, mouse movements, scroll movements, keystrokes, search terms, pages and content

viewed, and information inputted by plaintiff are not "contents"); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1034 (N.D. Cal. 2014) ("name, address, email address or phone number" are not "contents").  Because the information at issue does not meet the statutory definition of "contents," the Complaint should be dismissed.

> **3.      Plaintiff Has Not Alleged an "Interception" of Her Communications Under WESCA.**

Plaintiff's WESCA claim also fails because BBB did not "intercept" Plaintiff's communications as a matter of law.  WESCA, like the Federal Wiretap Act, makes it unlawful to "intentionally intercept[], endeavor[] to intercept, or procure[] any other person to intercept or endeavor to intercept any wire, electronic or oral communication."  18 Pa. Cons. Stat. § 5703; *see also* 18 U.S.C. § 2510(4).   "Every circuit court to have considered the matter has held that an 'intercept' under the [Federal Wiretap Act] must occur contemporaneously with transmission," and conclusory allegations are insufficient to support an inference that an "interception" occurred. *Fraser*, 352 F.3d at 113; *see also Rodriguez v. Google LLC*, No. 20-CV-04688-RS, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022) ("Using the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible [Defendant] is intercepting [Plaintiff's] data in transit."); *Proetto*, 771 A.2d at 829 (under WESCA, "an intercept requires participation by the one charged with an 'interception' in the contemporaneous acquisition of the communication through the use of the device") (internal quotation marks and citation omitted); *Quigley v. Yelp, Inc.*, No. 17-cv-03771, 2018 WL 7204066, at *4 (N.D. Cal. 2018) (dismissing wiretapping claims where plaintiff "[did] not allege with particularity how or when any defendant became aware of his communications" because complaint could not support inference that "interception" occurred).

Plaintiff has not plausibly alleged that her communications were intercepted contemporaneously with transmission. Instead, she concludes that BBB "contemporaneously intercept[ed]" her communications, but she sets forth no specific facts to support this allegation. Compl. ¶ 37. Moreover, Plaintiff also alleges that her communications were "copied and sent" to a "storage file within the Session Play Provider(s)'s server(s)." *Id.* Such a scenario involving storage and subsequent transmission would not constitute an "interception" under WESCA. *Proetto*, 771 A.2d at 829 (adopting reasoning of case addressing identical Federal Wiretap Act provision and finding no contemporaneous interception where defendant "received the communication and later disclosed that communication"); *see also Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002) ("[T]o be intercepted in violation of the [Federal] Wiretap Act, [the communication] must be acquired during transmission, not while it is in electronic storage").

In addition, whether contemporaneous or not, Plaintiff fails to allege sufficiently that an "interception" actually occurred. Plaintiff's allegations regarding BBB's alleged use of session replay software are inconsistent at best: at times she alleges that BBB intercepted communications, *e.g.*, Compl. ¶ 14; at times she alleges that the software itself intercepted communications, *e.g.*, *id.* ¶ 5; and elsewhere she alleges that an unidentified "Session Replay Provider" intercepted communications, *e.g.*, *id.* ¶ 30. Plaintiff also attempts to conclude that BBB procured a third party to intercept Plaintiff's communications, but she provides no detail whatsoever about the third party, the third party's platform, how its software works, or whether the third party used her personal information for its own benefit. *See, e.g.*, *id.* ¶ 30 ("Upon information and belief, over at least the past two years, Defendant has had embedded within its website code and has continuously operated at least one session replay script that was provided by a third party (a 'Session Replay

15

Provider').").  Plaintiff devotes several pages to identifying what session replay can do in general terms, but she does not assert any well-pleaded facts about BBB's alleged use of the software on its website.  *See id.* ¶¶ 5-13.  Plaintiff's vague allegations appear to be a staple of her counsel's template complaint, and they fail to support an inference that session replay software was used on the BBB website during Plaintiff's alleged visits to the website.  Plaintiff's bare allegations pleaded "on information and belief" "cannot support an inference that an 'interception' took place" and her Complaint should be dismissed.  *See Quigley*, 2018 WL 7204066, at *4.

**4.    Plaintiff Consented to Any Alleged Interception of Her Information.**

Plaintiff cannot plausibly allege that she did not consent to the alleged interception of her information.  Where "all parties to [a] communication have given prior consent to such interception," there can be no claim under WESCA.  18 Pa. Cons. Stat. § 5704(4); *see also Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121, 132 (3d Cir. 2022).  In the context of communications on the internet, Pennsylvania courts have held that "prior consent" exists when the person objectively knew or should have known of the interception.  *Commonwealth v. Byrd*, 235 A.3d 311, 319 (Pa. 2020).  "[B]y the very act of sending a communication over the Internet, the party expressly consents to the recording of the message."  *Id.* at 320 (quoting *Commonwealth v. Cruttenden*, 58 A.3d 95, 98 (2012) (holding that no violation of WESCA had occurred by "saving, printing, and forwarding" communications because communications had "been made under the mutual consent exceptions contained in [WESCA]")).  By the same token here, Plaintiff alleges that her communications were "copied and sent" to a "storage file within the Session Play Provider(s)'s server(s)" and that she was not given an option to "opt out of [BBB's] recording."  Compl. ¶¶ 37, 50.  Under Pennsylvania law, Plaintiff consented to those activities by virtue of sending a communication over the internet.

Plaintiff also knew or should have known about the disclosures in BBB's privacy policy, which was linked at the bottom of every page of BBB's website. At all relevant times, the Privacy Policy disclosed that BBB collects "[n]etwork activity data – internet or other electronic network activity information, such as browsing history, search history, and information regarding an individual's interaction with an internet website, application, or advertisement" and shares it with "[s]ervice Providers, Product and service fulfillment companies, Internet service providers, Advertising Networks, Social Networks, Data analytics providers." Ex. A to Sharma Decl. at 12; *see Jacome*, 2021 WL 3087860, at *7 (dismissing wiretap claim where purported interception was disclosed in privacy policy linked at the bottom of every page of website).[3] Because Plaintiff consented to any alleged interception of her communications, her Complaint must be dismissed.

## V.    CONCLUSION

For the foregoing reasons, and because any amendment would be futile, the Complaint should be dismissed with prejudice. *See Kennedy v. Help at Home, LLC*, 731 F. App'x 105, 108 (3d Cir. 2018) ("Because [plaintiff] has not identified an adequate basis for exercising personal jurisdiction over [defendant], dismissal with prejudice was proper."); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (leave to amend need not be granted where amendment would be inequitable or futile).

---

[3] Plaintiff's allegation that the interception occurred before she was given an opportunity to consent lacks merit. *See* Compl. ¶ 56 (citing *Javier v. Assurance IQ, LLC*, No. 21-16351, 2022 WL 1744107, at *5 (9th Cir. May 31, 2022)). Not only has Plaintiff failed to plead any non-conclusory facts about how or when BBB's alleged session replay software operated, but also the decision Plaintiff cites imposed an "express" prior consent requirement that does not exist under Pennsylvania law. *See Javier*, 2022 WL 1744107 at *2.

Dated: March 15, 2023

/s/ Kathryn E. Deal
Kathryn E. Deal, PA Bar No. 93891
Terese M. Schireson, PA Bar No. 320999
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:    (215) 963-5000
Facsimile:    (215) 963-5001
kathryn.deal@morganlewis.com
terese.schireson@morganlewis.com

*Counsel for Defendant Bed Bath & Beyond Inc.*

## <u>CERTIFICATE OF OPPORTUNITY TO CURE</u>

Pursuant to the Court's policies and procedures, I hereby certify that opposing counsel

has been given an opportunity to cure the defects identified in the foregoing motion.

*/s/ Kathryn E. Deal*
Kathryn E. Deal

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 15, 2023, a true and correct copy of the foregoing was filed via the Court's CM/ECF system for electronic service on all counsel of record.

<u>*/s/ Kathryn E. Deal*</u>
Kathryn E. Deal